# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL BOARD**, | : | CIVIL ACTION NO. 1:12-CV-2073 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **WARDEN M. RECKTENWELD**, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Darryl Board ("Board" or "petitioner"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. Petitioner is challenging the validity of his federal sentence imposed by the United States District Court for the Eastern District of New York in 1994. (Doc. 1, at 2.)

Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I.   Background

This is the third petition pursuant to 28 U.S.C. § 2241 that Board has filed in this Court. The prior petitions were dismissed for lack of jurisdiction. Board v. Smith, No. 1:04-CV-0966 (M.D.Pa. Dec. 2, 2004); Board v. Williamson, No. 1:06-CV-

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

1512, 2007 WL 775591 (M.D.Pa. March 9, 2007.) The following is extracted from the "Statement of Facts" section in the Memorandum in Board v. Williamson, No. 1:06-CV-1512, 2007 WL 775591 (M.D.Pa. March 9, 2007):

> In July 2003, following a jury trial in the United States District Court for the Eastern District of New York, Board was convicted of several counts of armed robbery, see 18 U.S.C. §§ 371, 2113-2114, and several counts of use of a firearm during a crime of violence, see 18 U.S.C. § 924 (c)(1) (1993). Thereafter, a sentencing hearing was held. The district judge found that, because Board had been convicted of multiple counts of use of a firearm during a crime of violence, he was a recidivist offender and exposed to a twenty-year minimum sentence of imprisonment under 18 U.S.C. § 924 (c)(1) ("In case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years. . . ."). Based on this finding, and pursuant to the United States Sentencing Guidelines, on May 2, 1994, the district judge sentenced Board to a term of imprisonment of fifty-six (56) years and eight (8) months. (Doc. 2, Part 1 at 19.)
>
> The United States Court of Appeals for the Second Circuit affirmed the conviction and sentence on April 30, 1996, see United States v. Williams, et al., 101 F.3d 683 (2d Cir. 1996) (mem.), and the United States Supreme Court denied a petition for writ of certiorari. See Williams v. United States, 519 U.S. 900 (1996). Board then filed a motion to correct or vacate his sentence pursuant to 28 U.S.C. § 2255. That petition was denied by the district court on September 20, 1999. (Doc. 2, Part 1 at 19.) On February 5, 2001, the Court of Appeals for the Second Circuit denied Board's request for a certificate of appealability and dismissed his appeal. (Id.)
>
> On September 24, 2003, Board sought permission from the Second Circuit to file a second or successive § 2255 petition. His request was based on Castillo v. United States, 530 U.S. 120 (2000), in which the United States Supreme Court determined that the type of firearm "used" during a crime of violence under 18 U.S.C. § 924(c)(1) is an element of the offense. Board characterized the ruling as "an intervening decision of statutory interpretation that placed Petitioner Board's Title 18 U.S.C. § 924(c)(1)'s 'subsequent conviction' enhancement outside the power of the Government to proscribe as criminal for first offenders." (Doc. 2, Part 1 at 20.) The Second Circuit denied Board's application to file a second or successive petition, concluding that Board had failed to meet the requirements of 28 U.S.C. §§ 2244(a), 2255 ¶ 8.1. (Doc. 2, Part 2 at 9.)

> On May 3, 2004, Board filed a habeas petition pursuant to 28 U.S.C. § 2241 in this court, in the district of his confinement, (see 1:04-CV-00966) (Doc. 1), arguing that Castillo and Harris v. United States, 536 U.S. 545 (2002) constitute new statutory interpretations of 18 U.S.C. § 924(c)(1) that render the conduct of which he was convicted non-criminal. This court disagreed, finding that Board's exclusive avenue for relief was § 2255, and, thus, dismissed his petition for lack of jurisdiction. (Id., Doc. 16.) Board appealed the decision to the Third Circuit Court of Appeals. (Id., Doc. 17). However, soon thereafter, Board submitted a letter to this court indicating that he wished to withdraw that appeal, (Id., Doc. 19), and the Third Circuit subsequently issued an order dismissing Board's appeal for failure to prosecute. (Id., Doc. 20.)

Board v. Williamson, No. 1:06-CV-1512, 2007 WL 775591 at *1-2 (M.D.Pa. March 9, 2001.) On August 4, 2006, Board returned to this court with a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the same conviction and sentence and raising substantially similar claims. On March 9, 2007, the petition was dismissed for lack of jurisdiction. Board v. Williamson, No. 1:06-CV-1512, 2007 WL 775591 (M.D.Pa. March 9, 2001.) The dismissal was affirmed on appeal. Board v. Williamson, 257 F. App'x 506, 509 (3d Cir. 2007.)

An application for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) which was filed in his criminal case on April 16, 2007, was denied. United States v. Board, No. 91-CR-1219 (DRH), 2010 WL 5391493 * 5. (E.D.N.Y. Dec. 22, 2010). Thereafter, he filed an application for a writ of error coram nobis in the United States District Court for the Eastern District of New York, which was construed as an attempt to file a successive § 2255 petition and was transferred to the United States Court of Appeals for the Second Circuit. Board v. United States, No. 2:10-CV-1557, 2011 WL 13940 *1 (E.D.N.Y. Jan. 1, 2011). On June 6, 2011, the motion to

3

file a successive petition was denied because petitioner did not satisfy the criteria set forth in 28 U.S.C. § 2255(h). Board v. United States, Civil No. 11-43 (2d Cir. June 6, 2011).

The instant petition was filed on October 16, 2012. (Doc. 1.)

**II. Discussion**

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343–44 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

A habeas petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See In re Dorsainvil, 119 F.3d 245, 249–51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, see Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d

4

at 120 (citing Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

The first ground raised by petitioner is that his trial counsel was deficient in failing to discuss a plea offer with him in violation of Missouri v. Frye, — U.S. — , 132 S.Ct. 1399 (2012), which held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Id. at 1408.

In his second ground, he seeks relief from multiple 18 U.S.C. § 924(c)(1) convictions. He argues that the convictions are flawed because the indictment did not describe the specific firearm used in robberies he committed as required by the cases of Castillo v. United States, 530 U.S. 120 (2000), and United States v. O'Brien, — U.S. —, 130 S.Ct. 2169 (2010). Board has raised substantially similar claims without success in past proceedings. Board v. Williamson, 257 F. App'x 506, 509 (3d Cir. 2007); United States v. Board, No. 91-CR-1219 (DRH), 2010 WL 5391493, *3-4 (E.D.N.Y. Dec. 22, 2010); Board v. United States, No. 10-CV-1557, 2011 WL 13940 (E.D.N.Y. 2011); Board v. United States, Civil No. 11-43 (2d Cir. June 6, 2011).

In Board v. Williamson, which examined the application of Castillo in the context of Board's § 2241 petition, the court of appeals found as follows: "Board does not make a claim that fits under the *In re Dorsainvil* exception. He essentially claimed that he could not be sentenced as a habitual offender because his indictment did not describe the specific firearm used in robberies he committed, as

5

he maintains it must pursuant to the 1998 amendments to § 924(c)(1) and Castillo v. United States, 530 U.S. 120, 131 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000). His claim pertains to the integrity of his sentence, not to the criminality of his conduct, so he could not bring it under § 2241." Id. at 509.

In United States v. Board, No. 91-CR-1219 (DRH), 2010 WL 5391493, *3-4 (E.D.N.Y. Dec. 22, 2010), in considering a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), the court concluded that "Castillo is of no aid to defendant . . . because he was not sentenced based on a machine gun or other weapon resulting in an enhanced § 924(c) sentence." Id. at *3.

He subsequently raised the issue of the § 924(c)(1) convictions in a writ of error coram nobis in the United States District Court for the Eastern District of New York. Board v. United States, No. 10-CV-1557, 2011 WL 13940 (E.D.N.Y. 2011). The district court construed the writ as a motion to file a successive § 2255 petition and transferred it to the United States Court of Appeals for the Second Circuit. This time, petitioner relied on United States v. O'Brien, 130 S.Ct. 2169, in support of his position. However, because O'Brien did not announce a new rule of constitutional law, let alone a rule that the Supreme Court has held to be retroactive to cases on collateral review, the motion was denied for failure to satisfy the criteria set forth in 28 U.S.C. § 2255(h). Board v. United States, Civil No. 11-43 (2d Cir. June 6, 2011).

Board contends that he must proceed *via* § 2241 because he is unable to bring a successive § 2255 as his above claims concern an intervening change in the law, but do not involve newly discovered evidence or a new rule of constitutional law, as required by 28 U.S.C. § 2255(h). (Doc. 1, at 7-11.) However, a § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, as is the case here. See Okereke, 307 F.3d at 120. Petitioner has simply demonstrated that he is unable to meet the restrictions imposed on pursuing second or successive § 2255 petitions. And the safety valve does not apply because Board has not been convicted of a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). Importantly, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

## III. Conclusion

Based on the foregoing, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     October 31, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL BOARD**, | : | CIVIL ACTION NO. 1:12-CV-2073 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **WARDEN M. RECKTENWELD**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 31st day of October, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.

                                                    S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge